```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                        CRIMINAL NOS. 1:13-00136
                                                       1:13-00206

**KEVIN EUGENE PETTY**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the government's motion for ruling on the tendered plea agreement. (Doc. No. 27). At a hearing in the matter, held on August 13, 2013, the court relayed to the parties certain concerns it had regarding the proposed plea agreement. By Memorandum Opinion and Order entered on August 15, 2013, the court continued this matter for a period of approximately thirty (30) days to allow the court additional time for consideration of the proposed plea agreement and give the parties a chance to research the issues identified by the court. For reasons discussed more fully below, the government's motion for a ruling is **GRANTED** and the court hereby **REJECTS** the proposed plea agreement.

Petty was charged in a three-count indictment, each count of which charges him with distribution of a quantity of hydromorphone, in violation of 21 U.S.C. § 841(a)(1). See Criminal Action No. 1:13-00136. Pursuant to the proposed plea agreement, dated July 29, 2013, Petty agreed to waive his right to be charged by indictment and consented to the filing of a single-count information, charging him with using a communication facility to commit a felony drug offense, in violation of 21

U.S.C. § 843(b).  Petty agreed to plead guilty to the information and, following final disposition, the government would move to dismiss the indictment in Criminal Action No. 1:13-00136.  On August 7, 2013, the government filed the aforementioned information.  See Criminal Action No. 1:13-00206.

The maximum term of imprisonment for a violation of 21 U.S.C. § 843(b) is four years, "except that if any person commits such a violation after one or more prior convictions of him for violation of this section, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 8 years. . . ."  21 U.S.C. § 843(d)(1).  As part of the plea agreement, the government filed an information, pursuant to 21 U.S.C. § 851, advising that defendant was subject to enhanced penalties by virtue of a 1994 conviction, in the Superior Court of McDowell County, North Carolina, for possession with intent to sell or deliver a controlled substance.  The plea agreement also contains a sentence bargain, pursuant to Fed. R. Crim. P. 11(c)(1)(C), wherein the government and defendant have agreed that a sentence of eight years is appropriate in this case.

At the hearing on August 13, 2013, the court expressed reservations regarding the imposition of the enhanced penalties sought by the parties because the underlying conviction was a state conviction and, based on the court's reading of 21 U.S.C. §

843(d)(1), a prior <u>federal</u> drug conviction was required. The parties essentially concede that this court's concerns were well-taken. <u>See</u> United States' Motion for Ruling on Tendered Plea Agreement and Defendant's Response to the United States Motion. (Docs. No. 27 and 28). Indeed, every court decision interpreting the statute has concluded that only federal felony drug convictions qualify as predicate offenses for purposes of increasing the statutory maximum to eight years. <u>See, e.g.</u>, <u>United States v. Medley</u>, 313 F.3d 745, 750 (2d Cir. 2002) (holding that court's sentence of 96 months on conviction for violation of 21 U.S.C. § 843(b) was improper because defendant had no prior federal drug conviction); <u>United States v. Davis</u>, 54 F. App'x 793, 2002 WL 31845187, *3 (5th Cir. 2002) ("The district court apparently assumed that because Davis had a prior drug conviction, the four-year statutory maximum was upped to eight years. See 21 U.S.C. § 843(d)(1). The eight-year provision, however, plainly applies only to <u>federal</u> convictions. . . .") (emphasis in original); <u>Gamboa v. United States</u>, Nos. 2:12-cv-01175, 2:08-cr-00151-02, 2013 WL 1408637, *6 (S.D.W. Va. Jan. 4, 2013) ("Prior state convictions are not counted under § 843(d)."); <u>Smith v. United States</u>, No. 3:05-00545, 2006 WL 982000, * (M.D. Tenn. Apr. 12, 2006) ("The federal courts have held that, unlike other federal drug statutes, Section 843 permits enhancement of a sentence for prior <u>federal</u> drug convictions only.") (emphasis in original); <u>United States v. Cooper</u>, 316 F. Supp. 2d 919, 920 (D. Colo. 2004) ("Section 843(d) is clear and unambiguous and, on its

face, requires a <u>federal</u> drug conviction as a condition precedent to sentence enhancement.") (emphasis in original); <u>Little v. United States</u>, No. CIV.A. 01-40077RWZ, 2002 WL 1424581, *2 (D. Mass. Jul. 1, 2002) ("Importantly, the government agrees with petitioner's interpretation of § 843(b) and (d) as only permitting enhanced sentences based on federal convictions.").

Based on the foregoing, the plea agreement dated July 29, 2013, is **REJECTED** and the plea hearing in this matter, scheduled for Monday, September 16, 2013, at 11:00 a.m., in Bluefield, is **CANCELLED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 30th day of August, 2013.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge